Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50245 | **DATE** | 10/3/2001 |
| **CASE TITLE** | Chatman vs. Greenlee Textron | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT - 4 2001 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | OCT - 4 2001 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

01 OCT -3 PM 4:21

FILED-W/O

U.S. DISTRICT COURT CLERK

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Gwendola F. Chatman, has filed a pro se complaint[1] against defendant, Greenlee Textron, Inc. ("Greenlee"), alleging Greenlee discriminated against her because of her disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Jurisdiction and venue are proper under 42 U.S.C. §§ 2000e-5(f)(3), 12117(a). Before the court is Greenlee's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.[2]

After viewing the facts and drawing all reasonable inferences therefrom in her favor, the court understands Chatman to be urging two types of ADA claims: failure to reasonably accommodate and disparate treatment. See 42 U.S.C. §§ 12112(b)(1), (5)(A); Basith v. Cook County, 241 F.3d 919, 927 (7th Cir. 2001). It finds both are without merit.

Chatman's original job at Greenlee occasionally required her to operate a certain "paint stamp machine," the fumes from which she complained caused her headaches and backaches, along with pain in her eye and side. When Chatman finally refused to perform any more paint stamp duties, Greenlee suspended her on January 19, 1999. In her response brief, Chatman argues Greenlee refused to reasonably accommodate her because it did not give her a respirator or reassign the paint stamp operation to another employee. But it is uncontested Greenlee provided her with the perfectly reasonable accommodation of transferring her to the same position at another plant located in the same city (Rockford) – the difference being the opening in the second location did not require her to operate a paint stamp machine – along with back pay for the ten days she was suspended. As the Seventh Circuit has repeatedly held, "[i]t is the employer's prerogative to choose a reasonable accommodation; an employer is not required to provide the particular accommodation that an employee requests" or the one she would prefer. Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1017 (7th Cir. 2000). This is especially true in this case where Chatman admits the transfer accommodated a previous request she herself had made for a transfer to an opening on the day shift. (LR 56.1 Pl. Resp. ¶ 33) In fact, Chatman does not complain at all that the decision to transfer her with back pay was unreasonable. Because Greenlee reasonably accommodated Chatman's problem with the ink fumes, there is no basis to hold it liable under 42 U.S.C. § 12112(b)(5)(A).

Chatman also suggests she was improperly denied three different promotions during her tenure at Greenlee, but has failed to provide enough evidence to prove at least two elements of her prima facie case with respect to these claims – that she was qualified for the positions or that the surrounding circumstances indicate it is more likely than not that her disabilities were the reason she did not receive the promotions. See Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001) (setting out four-part test for ADA prima facie case). Chatman does not even argue, let alone offer supporting evidence, that she was qualified for the first two promotions. As for the third (the January 2000 "Bit Operation" position), Chatman admits she did not pass a "blueprint reading exam" Greenlee required to qualify for the opening, but argues instead she nevertheless had the necessary qualifications to read blueprints. However, this argument is based on nothing more than her own self-serving and unsupported comments in her response brief (not even found in her deposition testimony or a supplemental affidavit). Alternatively, she claims Greenlee "applied different criteria in the hiring process for this position" by implying it did not use such an exam in the past and pointing out that the posted notice mentioned no such exam. While Chatman again offers no evidence to back up the former allegation, the latter is irrelevant because she does not even suggest the test is unrelated to the qualifications needed to perform the Bit Operator job or that it was used to screen out individuals with disabilities. Cf. 42 U.S.C. § 12112(b)(6). In fact, and this is the crucial point for all three positions, Chatman has provided absolutely no evidence, or even argued for that matter, that any supposed disability she may have had when she applied for these positions (assuming she even had a disability at those times) had anything at all to do with her not being chosen for them.

Finally, although her argument is rather sketchy, Chatman seems to claim her termination on March 28, 2000, resulted from Greenlee's failure to accommodate her disabilities and work restrictions by not reassigning her to another position. See id. § 12111(9)(B). On March 17, 2000, Chatman presented Greenlee with a note from her physician, essentially requesting she be considered for a "desk-type job" due to her "multiple joint problems and other medical issues." Ten days later, Chatman told Cheryl Johnson, Greenlee's Human Resources Manager, she would not return to her current position and "if she [Johnson] was not going to find [her] a position that [she] could do, [then Johnson should] give [her] a letter of termination...." (Def. Exh. 3, Chatman dep., p. 57; LR 56.1(a) ¶ 57) Unfortunately for Chatman, she got her letter of termination a few days later because there were, as of March 27, 2000, "no open jobs of any kind whatsoever available for [her] within the limitation[s] she had ... on standing, lifting, pushing or pulling and ... be[ing] able to sit down at work" (LR 56.1(a) ¶ 59) – a point Chatman concedes.[3] In the face of this concession, Chatman has utterly failed to meet her burden of showing that a vacant position was open, let alone one for which she was qualified. See Pond v. Michelin N. Am., Inc., 183 F.3d 592, 595 (7th Cir. 1999). And Greenlee was not obligated to "bump" other employees from their jobs to create a vacancy for Chatman. See id.

For the reasons stated above, Greenlee's motion for summary judgment is granted and this case is dismissed in its entirety with prejudice.

---

[1] The court nevertheless appointed stand-by counsel to help Chatman prepare her pleadings and other papers.

[2] Not before the court, however, is Chatman's "Response to Defendant's Summary Judgment Reply Memorandum." No leave was ever requested or given to file such a surreply and the court accordingly strikes it sua sponte.

[3] Plaintiff's only response to paragraph 59 of Greenlee's LR 56.1(a) statement of facts, which in turn is taken from paragraph 38 of Johnson's affidavit (Def. Exh. 13), is that she "has no basis to effectively evaluate the statement contained in Paragraph 59." (LR 56.1(a) Pl. Resp. ¶ 59) Because this sort of response does not controvert the statement with specific reference to any supporting materials, it is deemed admitted. See N.D. Ill. R. 56.1(b)(3)(B); see also McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Gwendola F. Chapman          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 99 C **DOCKETED**

Greenlee Textron, Inc.          **OCT - 4 2001**

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice.

FILED-WD
01 OCT -3 PM 4:21
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 10/3/2001          Susan Wessman

Susan M. Wessman, Deputy Clerk